IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLARA VIGIL,

       Plaintiff,

v.                                                                                  No. 1:11-cv-00281 MV/KBM

ANTHONY SESSION,
in his individual capacity,

       Defendant.

and

TINA LYNN TROUT,

       Plaintiff,

v.                                                                                 No. 1:11-cv-00282 LH/LFG

ANTHONY SESSION,
a Village of Milan, New Mexico
Police Officer in his individual capacity,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Joint Motion to Consolidate, filed June 27, 2011. By the motion, Plaintiffs Clara Vigil and Tina Lynn Trout request that the Court consolidate *Vigil v. Session*, 1:11-cv-00281, filed March 31, 2011, and *Trout v. Session*, 1:11-cv-00282, filed April 1, 2011.

Federal Rule of Civil Procedure 42(a) provides that the Court may consolidate actions before it if the actions "involve a common question of law or fact." The Court finds that the two actions here involve common questions of law or fact. Both actions involve the same Defendant, Anthony Session, and both arise out of the same incident. According to the complaints filed by

Ms. Vigil and Ms. Trout, on April 4, 2009, Defendant Anthony Session, a Village of Milan police officer, was called to property owned by Ms. Trout. On the property are four homes, one of which is shared by Ms. Trout and her partner Ms. Vigil and another of which is shared by three of Ms. Trout's adult children. After Mr. Session arrived on the property, a confrontation with Ms. Vigil ensued during which Mr. Session allegedly used offensive language, kicked Ms. Vigil, causing her to fall to the ground, and twisted Ms. Vigil's arm behind her back. Ms. Vigil was arrested by Mr. Session. In her complaint, Ms. Vigil alleges constitutional claims under 42 U.S.C. § 1983 for unreasonable seizure, false imprisonment and excessive force in violation of her Fourth Amendment rights and for retaliation under the First Amendment. She also alleges state law tort claims for false arrest and imprisonment and battery.

Ms. Trout, who was inside her home when the incident between Ms. Vigil and Mr. Session occurred, alleges that she looked out and saw Mr. Session on top of Ms. Vigil, who was lying face down. Concerned, Ms. Trout went to see what was happening. At that time, Ms. Vigil had been placed into Mr. Session's police car. Ms. Trout alleges that when she asked Mr. Session what he had done to Ms. Vigil, he told her to be quiet or he would arrest her. When Ms. Trout started to speak, Mr. Session handcuffed her wrists and placed her in the police car next to Ms. Vigil. Ms. Trout alleges constitutional claims under 42 U.S.C. § 1983 for retaliation in violation of her First Amendment rights, claiming that Mr. Session arrested her in retaliation for her protected speech in opposition to his conduct toward Ms. Vigil, and for unlawful arrest and detention in violation of her Fourth Amendment rights. Ms. Trout also alleges a state law tort claim for false arrest and imprisonment.

The actions here may be consolidated pursuant to Rule 42 as they involve common questions of law or fact. Mr. Session, in opposing consolidation, expands on the alleged

underlying facts, claiming *inter alia* that he was called to the residence by Ms. Trout's son as Ms. Trout was extremely intoxicated and had become violent; that Ms. Trout was not present during the altercation between Mr. Session and Ms. Vigil; that Ms. Vigil acted argumentative, belligerent and in a physically threatening manner and refused to provide her identity; that when Ms. Trout came out of her house, she demanded to be arrested and taken to jail with her partner; and that Mr. Session placed Ms. Trout into protective custody as she was extremely intoxicated and he feared for her safety. Nothing in these additional facts, however, dissuades the Court from concluding that the actions brought by Ms. Vigil and Ms. Trout involve common questions of law or fact.

Having determined that the actions involve common questions of law or fact, the Court weighs the interests of judicial convenience in consolidating the cases against any delay, confusion, or prejudice that consolidation might cause. *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). In this case, interests of judicial economy weighs strongly in favor of consolidation. Not only do the cases arise out of the same incident, but both actions are in their preliminary stages, Defendant is represented by the same counsel in both proceedings, and there is overlap in the witnesses that will be necessary to present the cases.[1] Given the early stage of the proceedings and the fact that defense counsel involved in both actions is the same, the Court does not find that any delay would likely result from consolidation. Defendant primarily opposes consolidation of the actions for trial on the basis that consolidation will prejudice him "by creating the impression with the jury that the Court

---

[1] In addition to Ms. Trout, Ms. Vigil, and Mr. Session, Defendant's opposition identifies two other fact witnesses that may have testimony relevant to both actions—Jamie and Carly Trout. While Defendant argues that the damage witnesses will be different for each Plaintiff, the Court still finds that the overlap of witnesses weighs in favor of consolidation.

considers the two different incidences which give rise to the varying claims to be identical." Defendant contends that "the jury will give more credence" to each Plaintiff's claims by virtue of the consolidation. The Court has carefully considered Defendant's opposition and finds that Defendant's objection to consolidation is unfounded. The Court finds that there is little risk that consolidation will result in prejudice to Defendant or confusion of the issue. While the Court recognizes that there are differences in the claims brought by Ms. Vigil and Ms. Trout, and that each claim must be decided on its own merit, jurors can be instructed on the elements of each claim and that they must decide each Plaintiff's case as if it were a separate lawsuit. The Court notes that juries are routinely asked to decide cases involving multiple plaintiffs or defendants, as well as cases that involve multiple claims with distinct elements. Therefore, having balanced the interest of judicial convenience in consolidating the cases against any delay, confusion, or prejudice that consolidation might cause, the Court concludes that the actions should be consolidated.

**IT IS THEREFORE ORDERED** that Plaintiffs' Joint Motion to Consolidate is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 42(a), Case Nos. 1:11-cv-00281 MV/KBM and 1:11-cv-00282 LH/LFG are consolidated into one proceeding for all purposes from this date forward. The consolidated cases shall be assigned the number of the first-filed case, 1:11-cv-00281 MV/KBM. All future documents shall be filed in 1:11-cv-00281 MV/KBM and captioned accordingly.

Dated this 29th day of July 2011.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE